UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FUTURE WORLD ELECTRONICS, LLC, | § § | |
| | § | |
| Plaintiff, | § § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-2124-B |
| | § | |
| OVER DRIVE MARKETING, LLC and BART SCHNELL, | § § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Default Judgment (doc. 48), filed on May 24, 2013. For the reasons discussed below, the Court **GRANTS in part** and **DENIES in part** Plaintiff's Motion.

I.

BACKGROUND[1]

Plaintiff Future World Electronics, LLC ("Future World") brought the above-captioned case against Defendants Over Drive Marketing, LLC ("Over Drive") and Bart Schnell on July 3, 2012, alleging copyright infringement, unfair competition, and unfair trade practices.

For nearly four months before bringing suit Future World attempted to settle with Over Drive. Pl.'s Br. 2. However, Over Drive did not agree to Future World's proposed terms and subsequently became unresponsive to settlement discussion. *Id.* Consequently, Future World filed

---

[1] The facts are derived from the Plaintiff's Complaint (doc. 1), Motion for Summary Judgment (doc. 47), and Motion for Default Judgment (doc. 48) and accompanying Appendix (doc. 48-3).

its Complaint (doc. 1) on July 3, 2012. After the Court granted four separate requests for extensions of time to respond, Defendants finally filed their Answer (doc. 15) on September 28, 2012. On April 16, 2013, counsel of record for Over Drive and Schnell filed a motion to withdraw (doc. 35) because Defendants ceased communicating with them. Doc. 35, ¶ 1. The Court granted the motion on April 17, 2013 (doc. 38), and ordered Over Drive either to notify the Court of its new counsel by May 2, 2013, or be placed in default. Over Drive failed to comply with the Court's order, and Future World filed its Request for Entry of Default (doc. 41) on May 3, 2013. The Clerk of Court entered default against Over Drive (doc. 42) that same day.

Since the Clerk's entry of default, neither Over Drive nor Schnell has made an appearance with the Court or communicated with Future World's counsel. As a result, Future World has moved for summary judgment against Schnell (doc. 47) and for default judgment against Over Drive (doc. 48). The Court now considers Future World's Motion for Default Judgment.[2]

## II.

## LEGAL STANDARDS

A.    *Default Judgment*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once default has been entered, the Court may enter a default judgment against the defaulting defendant upon motion of the plaintiff. Fed. R. Civ. P. 55(b). Through the entry of default judgment, the "conduct on which liability is based may be taken as true as a consequence of the default." *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992). In considering a motion for default judgment, the Court accepts

---

[2] Future World's Motion for Summary Judgment Against Bart Schnell (doc. 47) is still pending before the Court.

as true the well-pleaded allegations of facts in the complaint. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

In determining whether a default judgment should be entered against a defendant, courts have developed a two-part analysis. *See, e.g., Ins. Co. of the W. v H & G Contractors, Inc.*, No. C-10-390, 2011 WL 4738197, at *2-3 (S.D. Tex. Oct. 5, 2011). First, the Court must consider whether the entry of default judgment is appropriate under the circumstances. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this inquiry include: (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the Court would think itself obliged to set aside the default on the defendant's motion. *Id.* Second, the Court must assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr.*, 515 F.2d at 1206. Although the defendant may be in default, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

## III.

## ANALYSIS

A.    *Whether Default Judgment is Appropriate*

As a corporate entity, Over Drive may not proceed without representation. *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1981) ("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel."). Though the Court alerted Over Drive to this and further ordered it to retain counsel in April 2012, Over Drive is still without counsel. It is now within the Court's discretion to determine how to proceed. *See Adonai Commc'ns, Ltd. v. Awstin Investments, LLC*, No. 3:10-CV-2462-L, 2012 WL 899271, at *2

(N.D. Tex. March 16, 2012) ("The appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary.'" (quoting *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004)). The Court may admonish Over Drive that it cannot continue without representation or go so far as to strike its pleadings. *Adonai Commc'ns, Ltd.*, 2012 WL 899271, at *2. Because the Court has already formally ordered Over Drive to retain counsel and it has not done so, the Court finds it appropriate to strike Over Drive's Answer (doc. 15). *See id.* at *2; *see also Memon*, 385 F.3d at 874 ("[I]n virtually ever case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formerly ordered it to do so before dismissing the case.").

In addition to the sanction above, the Court finds that entering a default judgment against Over Drive is appropriate. First, in light of the Court's decision to strike its Answer, Over Drive has failed to file any responsive pleadings in this case. Consequently, there are no material issues of fact. *See Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact."). Second, Over Drive's continued failure to obtain representation "threatens to bring the adversary process to a halt," thereby prejudicing Future World's interests. *Ins. Co. of the W.*, 2011 WL 4738197, at *3. Given that the Court ordered Over Drive to obtain counsel on April 17, 2013 and further warned it that failing to do so would put Over Drive in default, there is nothing to suggest that Over Drive's noncompliance was caused by a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Indeed this failure to obtain legal counsel after a specific, direct order from the Court warrants the harshness of a default judgment. *Id.* Finally, there does not appear to be any "good cause" to set aside the default (if challenged) because Over Drive was properly served and has failed to comply with the Court's

directives. *See id.* Therefore, the Court concludes that Default Judgment is proper.

B.      *Whether There is a Sufficient Basis for Judgment in the Pleadings*

Due to its default, Over Drive is deemed to have admitted the allegations set forth in the Complaint. Nonetheless, the Court must review the Complaint to determine whether Future World can establish a viable claim for relief. *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").

Future World alleges that Over Drive infringed advertising material it created entitled *Seize the Opportunity – Template – Version I* (the "Original Work"). Compl. ¶¶ 9, 14. Future World alleges that Over Drive copied the Original Work (the "Infringing Work") and mailed these copies to consumers. *Id.* at ¶ 15. In addition, it alleges that Over Drive offered the Original Work, or substantially similar copies, for sale without citing Future World as the owner and author. *Id.* at ¶ 16. Future World insists that these acts of infringement were willful and intentional. *Id.* at ¶ 18. It thus requests both monetary and injunctive relief.

"A copyright infringement claim requires proof of (1) ownership of a valid copyright and (2) actionable copying, which is the copying of constituent elements of the work that are copyrightable." *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 576 (5th Cir. 2003) (citing *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1440 (5th Cir. 1994)). To determine whether actionable copying has occurred, the Court must make two inquiries. *See Bridgmon*, 325 F.3d at 576. First, it must determine whether the "alleged infringer copied, or actually used the copyrighted material in his own work." *Id.* (internal quotations omitted). This can be proven by direct or circumstantial evidence. *Id.* Next, the Court must decide whether "'substantial similarity' exists between the copyrighted work and the allegedly infringing work." *Id.* For this, the Court must make a "side-by-

side comparison . . . between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Id.* (quoting *Creations Unlimited v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997) (per curiam)).

Future World has provided competent evidence that it is the owner and author of *Seize the Opportunity - Template - Version 1*, namely a copy of its Certificate of Registration.[3] Further, it has provided evidence of the alleged Infringing Work, which a side-by-side comparison reveals to be substantially similar to the Original Work. Indeed much of the Infringing Work's layout, decoration, and text are identical to the Original Work's. In light of this evidence, the Court finds that Future World has demonstrated both that it owned a valid copyright and that Over Drive engaged in actionable copying. Consequently, the Court finds that there is a sufficient basis for judgment in the pleadings.

C.     *Damages*

"A defendant's default concedes the truth of the allegations of the Complaint concerning the defendant's liability, but not damages." *Ins. Co. of the W.*, 2011 WL 4738197, at *4 (citing *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002)). Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

1.     Statutory Damages

Future World has elected to recover statutory damages against Over Drive. *See* 17 U.S.C. §

---

[3] The Original Work is the subject of United States Copyright Reg. No. VA 1-802-073. Compl. Ex. B. Future World is listed as the author and claimant. *Id.*

504(c) (copyright owner may elect an award of statutory damages for all infringements involved in action). A copyright owner is entitled to statutory damages ranging from $750 to $30,000 per infringement, as the Court sees just. *Id.* at § 504(c)(1). In cases in which the infringement was committed willfully, the Court may, in its discretion, increase the statutory award up to $150,000. *Id.* at § 504(c)(2). Courts enjoy broad discretion in awarding damages within this range. *Playboy Enter., Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1176 (N.D. Tex. 1997). "Among the factors a court may consider in setting [the award] are: the expenses saved and profits reaped by the infringer, the deterrent effect of the award . . . , and the infringer's state of mind in committing the infringement." *Id.* Ultimately, "[s]tatutory damages are intended not merely for the restitution of profits or reparation of injury, but to deter wrongful conduct." *Beginner Music v. Tallgrass Broad., LLC*, No. 09-4050-SAC, 2009 WL 2475186, at *3 (D. Kan. Aug. 12, 2009) (quoting *Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505, 511 (E.D. Va. 2003)).

Future World seeks $82,500 in statutory damages. Pl.'s Br. 13. It arrived at this figure by applying a multiple of five to the sum of the estimated minimum profits ($14,500) and avoided expenses ($2,000) from Over Drive's infringing activities. *Id.* at 12-13. Because Future World alleges that the infringement was "willful," it requests the Court look to the statutory maximum under § 504(c)(2) and award its requested amount. *Id.* at 13. Future World argues its calculation is in line with general judicial practices and appropriate given "Over Drive's complete disdain and disregard for the judicial process." *Id.*

Though the Court is sensitive to Future World's argument that it was precluded from obtaining information about Over Drive's finances because of Over Drive's default and lack of participation in the judicial process, Pl.'s Brief 10-11, it is not persuaded that the evidence of willful

infringement before it justifies an award that far exceeds the maximum of the non-willful range.[4] *See Playboy Enter.*, 968 F. Supp. at 1176. Indeed, "[f]or purposes of a default judgment, the Fifth Circuit has held that statutory damages under 17 U.S.C. § 504(c) are 'certainly . . . not liquidated or capable of mathematical calculation' without a hearing or 'detailed affidavits establishing the necessary facts' for their calculation." *Action Tapes, Inc. v. Glovier*, No. 3:05-cv-1089-R, 2006 WL 349804, at *2 (quoting *Freeman*, 605 F.2d at 857). Though Future World has provided evidence to support its motion, the evidence reveals that it relied on a series of estimates to calculate its requested relief. Further, these estimates are based not on Over Drive's margins but on Future World's own average cost and profit. Though it is certainly reasonable for Future World to use its figures as a guide in its calculations, particularly in light of Over Drive's limited cooperation, the Court finds that more is required to support a request for damages as high as $82,500. Consequently, the Court finds Future

---

[4] The Copyright Act does not define the term "willfully." However, the Fifth Circuit has stated that a defendant acts "willfully" within the meaning of the statute if he "knows his actions constitute an infringement," although the actions may not even have been malicious. *See EMI April Music, Inc. v. Jet Rumeurs, Inc.*, 632 F. Supp. 2d at 625 (quoting *Broad. Music, Inc.*, 855 F.2d at 236). Courts have recognized a number of factors as indicative of willfulness, including familiarity with licensing schemes; rebuffed offers to resolve disputes before litigation; "spare" defense efforts; and lack of effort to avoid infringement. *See Almo Music Corp. v. T & W Commc'n Corp.*, 798 F. Supp. 392, 394 (E.D. Miss. 1992) (citing *Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1296 (D.R.I. 1982); *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 915 (D. Conn. 1980)). Courts have also inferred willfulness from defendants' default. *See, e.g., Warner Bros. Records, Inc. v. Briones*, No. SA-05-CA-0075-XR, 2005 WL 2645012, at *2 (W.D. Tex. Sept. 20, 2005) ("By her default, Defendant has admitted that she willfully and intentionally downloaded and distributed six of Plaintiff's copyrighted sound recordings without authorization."); *Motown Record Co. v. Amerndariz*, No. SA-05-CA-0357-XR, 2005 WL 2645005, at *2 (W.D. Tex. Sept. 22, 2005) ("By her default, Defendant has admitted that she willfully and intentionally downloaded and distributed eleven of Plaintiff's copyrighted sound recordings without authorization."); *Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983) ("Moreover, we draw a further inference of willfulness from the defendant's failure to appear and defend the action, especially in light of plaintiff's allegations of willfulness and demand for increased statutory damages applicable to willful infringers.").

In this case, Over Drive resisted efforts to settle with Future World prior to the commencement of litigation. In addition, it has made little effort to defend itself and has thoroughly ignored the Court's order to obtain counsel. In light of these facts, the substantial similarity between the Original and Infringing Works, and the Court's prior determination that default judgment is appropriate, the Court finds that there is credible evidence from which to infer willful infringement.

World is entitled to statutory damages but denies its request for $82,500 and instead orders a hearing from which the Court may determine the appropriate amount.

>   2.   Injunctive Relief

The Copyright Act allows the Court to grant "temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Because Over Drive has failed to meaningfully participate in the lawsuit, the Court finds little assurance that its infringing activity will cease. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003). Consequently, the Court finds there is an ongoing threat of harm to Future World for which there is no adequate remedy at law. Thus, the Court grants Future World's request for injunctive relief and permanently enjoins Over Drive, its agents, servants, employees, or any others in active participation with it who receive notice of this Judgment, from any further infringement of Future World's copyrighted materials.

## IV.

## CONCLUSION

For the foregoing reasons, Future World's motion is **GRANTED in part** and **DENIED in part**. Because Over Drive has failed to comply with the Court's Order to obtain counsel, the Court **STRIKES** Over Drive's Answer (doc. 15). In addition, the Court finds that default judgment is appropriate against Over Drive and that Future World is entitled to statutory damages. However, the Court **DENIES** Future World's request for $82,500 and **ORDERS** the parties to appear at a hearing - the date and time to be specified by separate order - so that it may determine the proper amount to award. Once statutory damages have been determined, the Court will rule on Future World's request for pre-judgment interest, post-judgment interest, and costs and attorneys' fees. Finally, the Court **GRANTS** Future World's request for injunctive relief**.**

SO ORDERED.

SIGNED: November 5, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE