IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FUTURE WORLD ELECTRONICS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:12-cv-2124-B |
| | § | |
| OVER DRIVE MARKETING, LLC, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Future World Electronics, LLC has filed a Rule 37(a) Motion to Hold Bart Schnell in Contempt and to Compel Post-Judgment Discovery Responses from Over Drive Marketing, LLC and Bart Schnell (the "Motion"). *See* Dkt. No. 64. District Judge Jane J. Boyle has referred the motion to the undersigned magistrate judge. *See* Dkt. No. 65. The undersigned issued an Order granting the Motion in part and requiring Plaintiff to make a supplement filing addressing whether Plaintiff tendered a fee for Mr. Schnell's attendance and mileage as required by Federal Rule of Civil Procedure 45(b)(1). Plaintiff has now filed a supplement stating that it did not tender a fee as required by Rule 45(b)(1). *See* Dkt. No. 78. Plaintiffs' Motion [Dkt. No. 64] is GRANTED in part and DENIED in part as explained below.

### Background

In the Motion, Plaintiff requests that the Court order (1) that Over Drive Marketing, LLC and Bart Schnell provide a complete set of documents (the

"Responsive Documents") in response to Future World's First Set of Post-Judgment Requests for Production served on Defendants; (2) that Bart Schnell appear at a deposition or other hearing with all of the Responsive Documents and submit himself to questioning on the same; (3) that Bart Schnell be held in contempt pursuant to Federal Rule of Civil Procedure 45(g) for his prior failure to attend a deposition; and (4) that Defendants pay Plaintiff's reasonable costs and expenses, including attorneys' fees, that it incurred in (a) the filing of the Motion; and (b) conducting a deposition not attended by Mr. Schnell. *See* Dkt. No. 64.

Plaintiff explains that "[t]his is an action for copyright infringement relating to Defendant's copying and distribution of automobile dealership advertisements created by Future World" and that "Defendants have been found in default and final judgment has been entered against both Bart Schnell and Over Drive." Dkt. No. 65 at 2. Plaintiff reports that, on February 5, 2014, it "propounded post-judgment requests for production on Bart Schnell and Over Drive by certified United States Mail pursuant to Fed. R. Civ. P. 34 in view of Fed. R. Civ. P. 69" and that, on February 18, 2014, Plaintiff "served a subpoena duces tecum on Mr. Schnell, compelling Mr. Schnell to testify regarding the subject matter of the post-judgment requests for production at an oral deposition to be held at The Law Offices of Charles Penot, PLLC, 3131 McKinney Ave., Suite 600, Dallas, Texas 75204 on March 14, 2014 at 9:00 A.M." *Id.* Plaintiff reports that "[n]either Over Drive nor Mr. Schnell have responded to the post-judgment discovery requests, and Mr. Schnell did not attend the oral deposition on March 14, 2014." *Id.* According to Plaintiff, "[t]he information sought by Future

World's post-judgment discovery requests and subpoena duces tecum is essential to Future World's ability to collect the $153,480.60 owed jointly and severally by Bart Schnell and Over Drive Marketing, LLC to Future World." *Id.*

Plaintiff's Motion further notes that Federal Rule of Civil Procedure 69 "permits a judgment creditor to conduct post-judgment discovery to aid in the execution of a judgment," that Federal Rule of Civil Procedure 37(a) "allows a party seeking discovery to move for a court order compelling answers to discovery when the other party fails to comply with such discovery requests," and that, under Federal Rule of Civil Procedure 37(a)(5)(A), "the court must require the party whose conduct necessitated the motion to compel to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* at 3. Further, Plaintiff explains, Federal Rule of Civil Procedure 45(g) "permits the Court to hold in contempt a party not complying with a subpoena without adequate excuse." *Id.*

Plaintiff asserts that "Over Drive and Bart Schnell have continually flaunted this Court and their respective discovery obligations" and that "[t]his pattern of behavior continues as Future World attempts to collect on its money judgment." *Id.* According to Plaintiff, "neither Bart Schnell nor Over Drive have responded to lawfully served1 discovery requests," and so "an order compelling production of documents is appropriate." *Id.* Plaintiff further argues that, where "Future World served Bart Schnell with a subpoena duces tecum – an order of this Court – to testify at a deposition regarding the subject matter of the discovery requests," "[b]y failing to appear at the deposition, Mr. Schnell disobeyed an order of the Court," and so "it is also

appropriate for this Court to issue an order finding Mr. Schnell in contempt of court and further ordering Mr. Schnell to attend a hearing with all Responsive Documents." *Id.* Finally, Plaintiff contends that, "in view of Bart Schnell's and Over Drive's continued inactions, it is reasonable for the Court to award Future World its reasonable costs and expenses, including attorneys' fees, that it incurred in (a) the filing of the instant motion; and (b) conducting a deposition not attended by Bart Schnell." *Id.*

The Court set Plaintiff's Rule 37(a) Motion to Hold Bart Schnell in Contempt and to Compel Post-Judgment Discovery Responses from Over Drive Marketing, LLC and Bart Schnell [Dkt. No. 64] for hearing on April 11, 2014 at 2:00 p.m. before U.S. Magistrate Judge David L. Horan, 1100 Commerce Street, 15th Floor, Dallas, Texas. *See* Dkt. No. 68. The Court ordered Plaintiff's counsel and Bart Schnell to each personally appear at the hearing. *See id.* The Court ordered that, "if Defendants have in their possession, custody, or control documents and information that are responsive to Plaintiff's post-judgment discovery requests [Dkt. No. 64-3], Mr. Schnell must bring those documents and information with him to the hearing. Although this order is not a ruling on Plaintiff's motion and should not be interpreted as an advisory on how the Court will rule on Plaintiff's motion, Defendants should be prepared to produce any responsive documents and information to Plaintiffs' counsel." *Id.* The Court's order also required Defendants to file a written response to Plaintiff's Motion [Dkt. No. 64] by no later than 1:00 p.m. on April 10, 2013. *See id.* The Court's order also warned the

-4-

parties "that failing to comply with any part of this order may result in the imposition of sanctions." *Id.* (citing FED. R. CIV. P. 16(f)).

Plaintiff caused Mr. Schnell to be personally served with the Court's order setting this hearing. *See* Dkt. No. 70. But Defendants file no response to the Motion, and Mr. Schnell failed to appear at the hearing. *See* Dkt. No. 69.

The undersigned notes that this is not Mr. Schnell's first failure to comply with the Court's orders or other requirements in this case. Judge Boyle has detailed Defendants' noncompliance in detail in her Order for Entry of Default, Default Judgment, and Final Judgment Against Bart Schnell. *See* Dkt. No. 60.

In an April 25, 2014 Order Granting in Part Motion to Compel and Requiring Supplemental Filing [Dkt. No. 77], the Court granted in part Plaintiff's Rule 37(a) Motion to Hold Bart Schnell in Contempt and to Compel Post-Judgment Discovery Responses from Over Drive Marketing, LLC and Bart Schnell [Dkt. No. 64] and ordered that Defendants must serve a complete set of documents in response to Future World's First Set of Post-Judgment Requests for Production [Dkt. No. 64-3] by May 14, 2014. The Court's April 25 order explained that, after receiving a supplemental filing by Plaintiff, the Court would issue a further order to address Plaintiff's requests in its Motion that the Court order Bart Schnell to appear at a deposition or hearing with complete set of documents in response to Future World's First Set of Post-Judgment Requests for Production [Dkt. No. 64-3] and submit himself to questioning on those documents; that Bart Schnell be held in contempt pursuant to Federal Rule of Civil Procedure 45(g) for his prior failure to attend a deposition; and that Defendants pay

Plaintiff's reasonable costs and expenses, including attorneys' fees, that it incurred in (a) the filing of the Motion; and (b) conducting a deposition not attended by Mr. Schnell and to address Mr. Schnell's failure to comply with the Court's order requiring him to file a response to Plaintiff's Motion and to attend the April 11, 2014 hearing. The Court will now address these matters.

## Legal Standards and Analysis

<u>Deposition of Defendant Bart Schnell</u>

Plaintiff's Motion also requests that the Court order Defendant Bart Schnell to appear at a deposition with complete set of documents in response to Future World's First Set of Post-Judgment Requests for Production [Dkt. No. 64-3] and submit himself to questioning on those documents. But, insofar as Plaintiff seeks Mr. Schnell's deposition through service of a Federal Rule of Civil Procedure 45 subpoena, Plaintiff's Supplement to its Motion states that Plaintiff failed to tender a fee for Mr. Schnell's attendance and mileage as required by Federal Rule of Civil Procedure 45(b)(1). *See* Dkt. No. 78.

Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1). The United States Court of Appeals for the Fifth Circuit has held that "[t]he conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance. [T]he plain meaning of Rule 45[(b)(1)] requires simultaneous

tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (internal quotation marks omitted). "A deposition witness is entitled to a statutory fee of forty dollars and a reasonable mileage allowance based on his mode and distance of transportation" – that is, the reasonably estimated mileage allowed by law. *Id*. at 705.

*Dennis* dictates that a failure to tender the appropriate, required mileage allowance– that is, an amount for the reasonably estimated mileage allowed by law – renders service of a subpoena incomplete and precludes the Court from compelling the deposition testimony. *See Aramark Corr. Servs., LLC v. County of Cook*, No. MISC-12-111-KES, 2012 WL 3792225, at *2 (D. S. D. Aug. 31, 2012); *accord Kador v. City of New Roads*, No. 07-682-D-M2, 2010 WL 3418265 (M.D. La. Aug. 26, 2010). The Court of Appeals resolved the issue in *Dennis* on the facts at issue there on the basis that, "when the subpoenaing party makes no attempt to calculate and tender at least a reasonably estimated mileage allowance, he plainly violates rule 45(b)(1) and leaves us with no factual basis from which to review the court's decision," and, "[t]hus, a court does not abuse its discretion by quashing a subpoena where the subpoenaing party tendered no mileage allowance whatsoever with the subpoena." *Dennis*, 330 F.3d at 705.

There is also some suggestion in the case law in this circuit that service of a Rule 45 subpoena for a deposition of a party to a lawsuit – as Mr. Schnell is here – is improper. *See, e.g.*, *In re MNM Boats, Inc.*, No. 07-1938, 2009 WL 1247100, at *3 (E.D. La. May 5, 2009); *cf. Kendrick v. Heckler*, 778 F.2d 253, 257-58 (5th Cir. 1985)

(discussing Rule 45 as non-party discovery in contrast to party discovery procedures under other rules). But other decisions note that Rule 45 does not, by its own terms, preclude its application to parties, and courts' concern has been, most often, with seeking documents from a party through a subpoena *duces tecum* in lieu of a Federal Rule of Civil Procedure 34 document request. *See Thomas v. IEM, Inc.*, No. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008); *Mortgage Information Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 562-66 (W.D.N.C. 2002). And another line of case law holds that a defaulting defendant – at least one that has not answered or appeared – is not a "party" for purposes of Federal Rule of Civil Procedure 36 requests for admission but can be served with discovery as a non-party under Rule 45. *See, e.g.*, *In re Liu*, 282 B.R. 904, 910 (Bankr. C.D. Cal. 2002); *see also* Order, Dkt. No. 36, *Rojo v. Burger One*, No. 3:11-cv-2968-BN (N.D. Tex. Aug. 22, 2013) (collecting cases).

In the end, the Court need not work out these largely unsettled legal issues because Plaintiff served Defendants with document requests under Rule 34 but served Mr. Schnell with a subpoena for his deposition that failed to comply with the strict requirements of service under Rule 45. Even assuming a Rule 45 subpoena can be properly served on a defaulted party for his deposition for post-judgment discovery purposes, because Plaintiff admits that it failed to tender a fee for Mr. Schnell's attendance and mileage as required by Rule 45(b)(1), the Court cannot order Mr. Schnell to appear at a deposition pursuant to Plaintiff's Rule 45 subpoena or hold him in contempt under Rule 45 for not appearing at that subpoenaed deposition. *Cf. Nunn*

*v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-cv-1486-D, 2010 WL 4258859, at *1 (N.D. Tex. Oct.21, 2010).

For these reasons, and because Bart Schnell has been ordered to produce the required documents by May 14, 2014, *see* Dkt. No. 77, Plaintiff's Motion [Dkt. No. 64] is DENIED in part insofar as Plaintiff requests that the Court order (1) that Bart Schnell appear at a deposition or other hearing with all of the Responsive Documents and submit himself to questioning on the same; (2) that Bart Schnell be held in contempt pursuant to Federal Rule of Civil Procedure 45(g) for his prior failure to attend a deposition; and (3) that Defendants pay Plaintiff's reasonable costs and expenses, including attorneys' fees, that it incurred in conducting a deposition not attended by Mr. Schnell.

<u>Award to Plaintiff of Reasonable Expenses in Bringing Motion to Compel</u>

Rule 37(a)(5)(A) requires the Court to order payment of the movant's reasonable expenses in making a motion to compel, including payment of attorneys' fees, when a motion to compel is granted, *see* FED. R. CIV. P. 37(a)(5)(A), and Plaintiff requests that the Court order Defendants to pay Plaintiff's reasonable costs and expenses, including attorneys' fees, that it incurred in the filing of the Motion. The rule also provides three exceptions under which the Court must not order payment of the movant's expenses. *See* FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). But Rule 37(a)(5)(C) provides that, if a motion to compel is granted in part and denied in part, the Court may issue any protective order authorized under Federal Rule of Civil Procedure 26(c) and may, after giving an

opportunity to be heard, apportion the reasonable expenses for the motion. *See* FED.
R. CIV. P. 37(a)(5)(C).

Here, the Court finds that Plaintiff did not file the Motion before attempting to
obtain the discovery without court action, and so the first exception does not apply.
Further, the Court finds no basis to conclude or find that Defendants' failure to serve
any discovery responses was "substantially justified" or that other circumstances make
an award of expenses to Plaintiff under Rule 37(a)(5)(A) or Rule 37(a)(5)(C) unjust.

Accordingly, under Federal Rules of Civil Procedure 37(a)(5)(A) and 37(a)(5)(C),
the Court GRANTS Plaintiff's request for payment by Defendants Over Drive
Marketing, LLC and Bart Schnell of the reasonable costs and expenses, including
attorneys' fees, that it incurred in making that part of the Motion seeking to compel
documents from Defendants and in preparing for and appearing at the April 11, 2014
hearing on the Motion.

Plaintiff has already filed a supplement to its Motion to submit attorneys' fees
materials, but Plaintiff should file an application that specifically seeks the reasonable
costs and expenses, including attorneys' fees, that it incurred in making that part of
the Motion seeking to compel documents from Defendants.

Local Civil Rules 7.1(a) and (h) require that parties confer before filing an
application for attorneys' fees. Plaintiff's counsel and Mr. Schnell are directed to meet
face-to-face and confer about the reasonable amount of any requested fees. This
face-to-face requirement is not satisfied by a telephonic conference. No later than **May
19, 2014**, the parties must file a joint status report notifying the Court of the results

of the conference. If all disputed issues as to the amount of reasonable costs and expenses, including attorneys' fees, to be awarded to Plaintiff have been resolved, Plaintiff shall also, by **May 19, 2014**, forward an agreed proposed order to the Court at Horan_Orders@txnd.uscourts.gov.

If the parties do not reach an agreement as to the amount of reasonable costs and expenses, including attorneys' fees, to be awarded to Plaintiff, or if Mr. Schnell fails to make himself available for and appear for the conference, Plaintiff may, by no later than **May 19, 2014**, file an application for its reasonable costs and expenses, including attorneys' fees, that is accompanied by supporting evidence establishing the amount of those attorneys' fees or that cites to that evidence to the extent that it has already been filed in the Declaration of Raymond Areaux [Dkt. No. 71-2] and the Declaration of Charles Penot [Dkt. No. 71-3]. The fee application must be supported by documentation evidencing the "lodestar" calculation, including affidavits and billing records, and citations to relevant authorities and shall set forth the number of hours expended in making that part of the Motion seeking to compel documents from Defendants, as well as the reasonable rate(s) requested. *See Tollett v. City of Kemah*, 285 F.3d 357, 367 (5th Cir. 2002) (using the "lodestar" method to award attorneys' fees under Rule 37). If an application is filed, Defendants may file a response by **June 2, 2014**, and the response should address the reasonableness of any requested costs and expenses, including attorneys' fees. Plaintiff may file a reply by **June 9, 2014**.

-11-

Sanctions Warning

The Court further notes that Mr. Schnell has now disregarded this Court's order requiring him to file a response to Plaintiff's Motion and to attend the April 11, 2014 hearing. *See* Dkt. Nos. 68 & 69.

Under Federal Rule of Civil Procedure 16(f), the Court may, *sua sponte*, issue sanctions, including those authorized under Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii), if a party fails to comply with a scheduling order. *See* FED. R. CIV. P. 16(f)(1) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: ... (c) fails to obey a scheduling or other pretrial order."). Rule 37(b)(2)(A)(ii)-(vii) provides for a sanction, among others of treating as contempt of court the failure to obey any order. *See* FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii). When considering sanctions under Rule 16(f), the Court should fashion remedies suited to the misconduct and should consider whether lesser sanctions, short of contempt, may prove effective. *See, e.g.*, *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

Rule 16(f)(2) further provides that, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule." FED. R. CIV. P. 16(f). But the Court will not award fees and expenses under Rule 16(f) if the failure or noncompliance "was substantially justified or other circumstances make an award of expenses unjust." *Id.*

In deciding whether a sanction under Rule 16(f) is merited, the Court need not find that the party acted willfully, intentionally, or in bad faith. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001); *Martin Fam. Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 (E.D. Cal.1999) (collecting cases); 6A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1531 (3d ed. 2012). The fact that a pretrial order was violated is sufficient to allow some sanction, as Rule 16(f)'s text itself makes clear. *See* 6A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1531. Rule 16(f) also does not require a showing of prejudice to justify sanctions. *See John v. Louisiana*, 899 F.2d 1441, 1448 (5th Cir. 1990).

The Court's March 24, 2014 order warned Mr. Schnell "that failing to comply with any part of this order may result in the imposition of sanctions." Dkt. No. 68 (citing FED. R. CIV. P. 16(f)). And the order was mailed to Mr. Schnell by the Clerk of the Court and caused to be personally delivered to him by Plaintiff. *See* Dkt. No. 70.

Mr. Schnell nevertheless failed to file a response to Plaintiff's Motion and to attend the April 11, 2014 hearing, as required by the Court's March 24, 2014 order [Dkt. No. 68]. Defendants have also now been ordered to serve on Plaintiff a complete set of documents in response to Future World's First Set of Post-Judgment Requests for Production [Dkt. No. 64-3] by May 14, 2014. *See* Dkt. No. 77 at 5.

Mr. Schnell and Over Drive Marketing, LLC are WARNED that any further failure to comply with any part of the Court's orders may result in the imposition of further sanctions, including contempt. *See* FED. R. CIV. P. 16(f).

**Conclusion**

As explained above and in the Court's April 25, 2014 Order Granting in Part Motion to Compel and Requiring Supplemental Filing [Dkt. No. 77], Plaintiffs' Rule 37(a) Motion to Hold Bart Schnell in Contempt and to Compel Post-Judgment Discovery Responses from Over Drive Marketing, LLC and Bart Schnell [Dkt. No. 64] is GRANTED in part and DENIED in part.

The Clerk of Court is DIRECTED to serve a copy of this order on Defendant Bart Schnell via certified mail, return receipt requested, at 1971 University Business Drive, Suite 107, McKinney, TX 75071.

Plaintiff is ORDERED to cause a copy of this order to be personally served on Bart Schnell and to then file an affidavit of service.

SO ORDERED.

DATED: May 5, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE